[No. 33530. Department One. May 10, 1956.]

CHARLES DOTSON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 296 P. (2d) 1006.

*The Attorney General* and *William C. Hallin, Assistant,* for appellant.

*Walthew, Oseran & Warner* and *Eugene Arron,* for respondent.

DONWORTH, J.—Charles Dotson, a claimant under the workmen's compensation act, injured his back on October 30, 1951, while employed by the Lyle Nelson Lumber Company, of Morton, Washington. A claim for compensation was filed with the department of labor and industries on November 29, 1951. This claim was closed by the supervisor of industrial insurance on July 18, 1952, with a permanent partial disability award of forty-five per cent of the maximum allowable for unspecified disabilities.

The claimant appealed from that award on July 24, 1952, and the department reassumed jurisdiction by an order dated August 22, 1952. The claimant's appeal was then denied by the board by order dated August 28, 1952.

On February 24, 1953, the supervisor issued an order affirming the prior closing order of July 18, 1952, with no additional permanent partial disability.

Plaintiff initiated this action by filing an appeal with the board of industrial insurance appeals on March 13, 1953, alleging that he was totally and permanently disabled from engaging in any gainful occupation and entitled to a pension therefor, or, in the alternative, that as a proximate result of his injury of October 30, 1951, he had suffered severe permanent partial disability to his back and left leg which exceeded the previous award of the supervisor of industrial insurance. The appeal was granted by the board's order of March 26, 1953.

At the hearings before the board the only doctor who testified was Dr. Brendt Bede, who was the claimant's attending physician. Based upon the record made at the hearings, the board entered an order sustaining the prior order of the supervisor of industrial insurance issued on February 24, 1953. Plaintiff appealed to the superior court for Lewis county, and a trial was had before a jury, which returned a verdict of one hundred per cent of the maximum allowable for unspecified permanent partial disability. The department of labor and industries has appealed from the judgment entered on the verdict, following a denial of its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

Appellant makes seven assignments of error, the first three of which relate to the legal sufficiency of the evidence to make a case for the jury, *i.e.*, denial of appellant's motions (1) to dismiss, (2) for a directed verdict, and (3) for judgment notwithstanding the verdict.

Respondent relies upon *Halder v. Department of Labor & Industries* 44 Wn. (2d) 537, 542, 268 P. (2d) 1020, which states the rule that:

"In passing on a judgment n.o.v., the party moved against is entitled to the benefit of all testimony in his favor, and of all reasonable inferences to be drawn therefrom. *Ehman v. Department of Labor & Industries*, 33 Wn. (2d) 584, 206 P. (2d) 787."

and

"In urging us to consider respondent's medical testimony, *Petersen v. Department of Labor & Industries*, 40 Wn. (2d)

635, 245 P. (2d) 1161, is cited for the rule that in a case of this kind we will consider the entire record. As that decision reveals, however, we will only search the entire record to find evidence which tends to support the verdict."

The court further stated in that case:

"If, however, indispensable testimony is, in effect, retracted or completely negatived as a result of inconsistencies and contradictions in the other testimony of the same witness, that fact is to be considered in passing upon the motion."

Based upon the latter rule and for reasons hereinafter stated, we hold that the medical testimony herein was insufficient to support the verdict.

Following his injury on October 30, 1951, respondent consulted Dr. Bede, who took X rays and made a physical examination. He testified that respondent's physical complaint was pain in the low back. His diagnosis at that time was "arthritis of the lumbar spine, with possible ruptured intervertebral disc, and manifestations of sciatica, left." The treatment given consisted of rest and diathermy.

Respondent returned to work on December 3, 1951, and about one week later consulted Dr. Bede again for further treatment. Dr. Bede recommended traction for respondent's left leg.

Respondent was hospitalized by Dr. Bede at that time and was released from the hospital in January, 1952, but the symptoms of pain in his back and left leg persisted. He required treatment in February and again in March, 1952. At this time, Dr. Bede concluded that no further conservative treatment would be helpful, and recommended surgery, which respondent declined to have performed. Dr. Bede recommended that respondent's case be closed with a permanent partial disability award.

Dr. Bede saw the claimant again in July, 1952, but he did not examine him. He did not see respondent again after that until December 2, 1953, which was twenty-one months after his last previous examination, and was nine months after the date of the closing of respondent's claim by the supervisor. He testified that respondent had reinjured his back

in an industrial accident on December 2, 1953, and that he took X rays which revealed "this arthritic condition of his lumbar spine." He stated further that respondent was temporarily totally disabled at the time of this examination, and that he was then suffering from extreme pain in his lower back and left leg.

The case at bar does not involve any claim of aggravation but the issue before the board of industrial insurance appeals was solely whether the supervisor's closing order of February 24, 1953, was correct.

This court has held, in appeals from orders closing claims with a lesser award than that sought by a claimant, that the issue is the correctness of the order of the supervisor of industrial insurance *on the date it was issued. Hyde v. Department of Labor & Industries,* 46 Wn. (2d) 31, 34, 278 P .(2d) 390, and cases cited.

In addition to proving by medical testimony that the injury has caused some disability, the claimant must show by medical testimony that on the closing date the rate of disability was greater than that fixed by the department. *Kirkpatrick v. Department of Labor & Industries, ante* p. 51, 290 P. (2d) 979; *Johnson v. Department of Labor & Industries,* 45 Wn. (2d) 71, 273 P. (2d) 510; *Moses v. Department of Labor & Industries,* 44 Wn. (2d) 511, 268 P. (2d) 665.

The extent of the disability, as it exists at any relevant date, must be determined by medical testimony, some of it based upon objective symptoms. *White v. Department of Labor & Industries, ante* p. 413, 293 P. (2d) 764; *Kirkpatrick v. Department of Labor & Industries, supra; Harper v. Department of Labor & Industries,* 46 Wn. (2d) 404, 406, 281 P. (2d) 859; *Hyde v. Department of Labor & Industries, supra.*

With the above rules in mind, we shall now consider the sufficiency of respondent's medical testimony.

Dr. Bede, testifying for respondent, stated that, in his opinion, respondent's physical condition on December 2, 1953 (nine months after the second closing date), was worse than it had been *prior to the first* closing order of

July 18, 1952. He stated that, since he had not seen respondent on or about February 24, 1953 (the second closing date), he could not venture an opinion as to his physical condition at that time. However, in response to a hypothetical question, he stated that respondent's disability rating was from seventy-five to one hundred per cent on February 24, 1953. He stated that he based this opinion mainly on the extreme pain which he assumed that respondent was suffering on February 24, 1953.

Dr. Bede further stated that he had agreed to the settlement originally made in the supervisor's closing order of July 18, 1952. He made no comparison between the X rays taken in December, 1953, and those he had taken at the time of the original injury on October 31, 1951. He merely stated that the X rays taken in December, 1953, revealed *"this arthritic condition."*

In *Hyde v. Department of Labor & Industries, supra,* this court stated that:

"To prove the *existence* of such objective symptoms, a claimant is required to produce medical evidence that the objective symptoms either (1) had been discovered by a medical expert who mentally noted or physically recorded such symptoms *on or prior to the closing date* or within a reasonable time thereafter, or (2) that the objective symptoms (such as a broken bone or an arthritic condition) had left their own record in or on the claimant's body *on or prior to the closing date. Wissink v. Department of Labor & Industries,* 40 Wn. (2d) 672, 245 P. (2d) 1006; *Kresoya v. Department of Labor & Industries,* 40 Wn. (2d) 40, 240 P. (2d) 257."

It is true that the examination and findings made by Dr. Bede *prior* to July 18, 1952, revealed objective symptoms. However, they merely support the disability award of July 18, 1952, to which Dr. Bede agreed as stated above. This award was then held in abeyance until the subsequent order of February 24, 1953, which awarded respondent the same percentage of disability as the first order.

The material date in this case is February 24, 1953. As to his physical condition at that time, respondent testified, on cross-examination, as follows:

"Q. Now, Mr. Dotson, I believe you testified that you worked on a construction job? . . . And at the time you worked there you operated a drill and a jackhammer? A. I helped on the drill and then operated the jackhammer. Q. Now, Mr. Dotson, did you work on that job at Strong and McDonald between February 18, 1953, and March 18, 1953? A. I believe that is correct."

Dr. Bede, basing his opinion on these facts, testified on cross-examination as follows:

"Q. Now, Doctor, assuming that this man operated a drill and a jackhammer between February 18, 1953, and March 18, 1953, with those facts, can you give me an opinion as to what was the extent of his disability? . . . A. If that were true, my feeling would be that the 45 per cent would be satisfactory."

Under the rule of the *Halder* case, *supra*, we can disregard the subsequent inconsistent testimony wherein Dr. Bede stated that the rate of disability was greater on February 24, 1953, than on July 18, 1952, after having testified that the rating of forty-five per cent awarded on the latter date was proper.

Without further consideration of Dr. Bede's testimony, it is apparent that his opinions as to respondent's physical disability on February 24, 1953, were based upon his examination of respondent on December 2, 1953. This conclusion is inescapable because of Dr. Bede's statements that he had nothing to offer as of February 24, 1953; that he made no comparison between the X rays taken October 31, 1951, and those taken December 2, 1953, and the fact that he merely assumed respondent was suffering greater pain on February 24, 1953, than in March, 1952, when he examined respondent.

We can only conclude that Dr. Bede's opinions were not based upon any objective symptoms existing on the date of the closing of respondent's claim, from which it could be reasonably inferred that respondent's physical disability was worse on February 24, 1953, than the forty-five per cent award allowed by the supervisor. *Hyde v. Department of Labor & Industries, supra.*

Viewing the evidence in the light most favorable to respondent, we hold that there was neither evidence nor

reasonable inference therefrom to sustain the verdict, and therefore the motion for judgment notwithstanding the verdict should have been granted.

In view of the conclusion we have reached, we do not deem it necessary to pass upon appellant's remaining assignments of error.

The judgment is reversed, with directions to dismiss the action.

HAMLEY, C. J., SCHWELLENBACH, and OTT, JJ., concur.

FINLEY, J., concurs in the result.

---

July 30, 1956. Petition for rehearing denied.