[No. 39382. Department Two.· February 13, 1969.]

MARION T. SEPICH, *Respondent,* v. THE DEPARTMENT. OF LABOR AND INDUSTRIES *et al., Appellants.*\*

\*Reported in 450 P.2d 940.

The Attorney General, Robert G. Swenson, Assistant, and Charles W. Billinghurst, for appellants.

Brodie, Fristoe & Taylor and E. Robert Fristoe, for respondent.

STAFFORD, J.†—This is an appeal from a jury verdict which reversed an order of the Board of Industrial Insurance Appeals of the state of Washington (hereinafter called the Board). For reasons not important to this decision, the United States Atomic Energy Commission has been substituted for the General Electric Company as the employer. The Department of Labor and Industries of the state of Washington (hereinafter called the Department) and the Atomic Energy Commission shall be referred to jointly as the appellants herein.

The plaintiff-respondent, Marion T. Sepich, suffered a head injury on June 21, 1957, while employed by the General Electric Company at Hanford, Washington. Soon thereafter, he experienced dizziness and headaches which necessitated hospitalization. Exploratory surgery revealed a subdural hematoma on both sides of the head for which Sepich received treatment.

About 1 month after leaving the hospital in Seattle, Sepich moved to Phoenix, Arizona. Soon after his arrival, he began to suffer a paralysis on the right side of his body and consulted Dr. Harry Steelman of that city. In September of 1957, Dr. Steelman found it necessary to perform additional brain surgery.

Following the operation, the general symptoms of paralysis on Sepich's right side improved. However, approximately 6 weeks later, he developed a condition diagnosed

†Judge Stafford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

as "intermittent focal motor seizures" (also referred to as "epileptic type" seizures) which involved the right side of his face and right arm. The seizures continued with some regularity until April 9, 1959 and with reasonable medical probability would have continued indefinitely into the future.

The Department held that the subdural hematomas were related to the industrial injury of June 21, 1957. Sepich was classified as "totally and temporarily disabled" from the date of the industrial accident until March 20, 1959.

Dr. Steelman last examined Sepich, regarding the 1957 head injury, late in April of 1959. Thereafter, the doctor did not see him until after he had been severely injured by an automobile while crossing a street in Phoenix on June 12, 1959.

On August 13, 1963, the Supervisor of Industrial Insurance (hereinafter called the Supervisor) entered an order closing the Sepich claim with a permanent partial disability award of 30 per cent of the maximum allowable for unspecified disabilities. The Board affirmed the Supervisor's order and Sepich appealed to the superior court. Mr. Sepich's appeal resulted in a judgment which remanded the cause to the Department with instruction to place him on the pension rolls pursuant to the Workmen's Compensation Act of the state of Washington.

Appellants maintain that the trial court erred in rejecting exhibits Nos. 4, 5, 6, 7, and 8 which contained the transcripts of the testimony of five witnesses called by Mr. Sepich during the 1963 Arizona trial of his personal injury action arising out of the pedestrian accident.

The exhibits were first offered at the Board level by appellants because Sepich asserted that he was permanently and totally disabled *prior to June 12, 1959*, the date of the automobile accident. Exhibits Nos. 4 through 8, however, indicate an inconsistency with the position he maintained before the Board. At the Phoenix trial, Sepich portrayed himself as a "strong, robust, able-bodied man of 35 years, free from bodily injuries and nervous disorders" *immediately prior to the pedestrian accident.* The

five exhibits were offered pursuant to Rule of Pleading, Practice, and Procedure 43.16W, RCW vol. 0 (now CR 43(i)) which covers testimony of witnesses at former trials and which reads in part as follows:

> (i) Testimony at Former Trial. If the judge finds a witness at a former trial . . . to be *unavailable as a witness* within the conditions set forth in Rule 26(d)(3) governing the use of depositions, the testimony of such witness on the former occasion shall be admitted for use as testimony in a trial . . . involving *substantially the same matter* when (1) the testimony is offered against a party who offered it in his own behalf on the former occasion, . . . . (Italics ours.)

At the Board hearing, Sepich did not object to exhibit No. 5. However, he did object to exhibits Nos. 4, 6, 7, and 8 on four specific grounds. All five exhibits were admitted by the Board.

Appellants again offered the same five exhibits at the superior court trial for the same purpose. Sepich objected to exhibit No. 5 *for the first time*. He also objected to the admission of exhibits Nos. 4, 6, 7, and 8, but on grounds *different* than those preserved in the record of proceedings before the Board. The trial court rejected *all five* on the *new* grounds.

The trial court also rejected exhibits Nos. 6, 7, and 8 for a reason raised neither at the Board level nor at the trial. At the Board hearing, Sepich objected that exhibit No. 4 (the transcript of Dr. Steelman's testimony from the Arizona trial) was inadmissible because it had not been established that Dr. Steelman was "unavailable as a witness" within the framework of CR 43(i). He argued that Dr. Steelman had been available in Phoenix at the time his deposition was taken in Arizona for the Board hearing in Washington. Thus, he urged, Dr. Steelman was not "unavailable as a witness" for the purpose of admitting a transcript of his testimony from the former trial. This objection to *exhibit No. 4* was *not* renewed at trial. The trial court sustained an objection to *exhibit No. 4* on other grounds *not raised* in the Board record. On the other hand,

316

the trial court rejected exhibits Nos. 6, 7, and 8 because appellants had not established that the witnesses, whose former testimony was offered by way of transcript, "were not wholly unavailable in *this* [Washington] proceeding". (Italics ours.) It is important to note that Sepich raised no such objection to exhibits Nos. 6, 7, and 8 either at the Board level or at the time of trial.

. The trial court erred by rejecting the five exhibits. Each party is required to present all of its evidence at the Board level when appealing from an order of the Supervisor. See RCW 51.52.102. The testimony is transcribed and filed in the record on appeal. See RCW 51.52.100. The trial court is not permitted to receive evidence or testimony other than, or in addition to, that offered before the Board or included in the record filed by the Board. See RCW 51.52.115.

The trial is de novo and the trial court is entitled to independently resolve questions relating to the admissibility of evidence. *Mercer v. Department of Labor & Indus.*, 74 Wn.2d 96, 442 P.2d 1000 (1968). Nevertheless, the trial court has no original jurisdiction in such cases; it acts only in an appellate capacity. *Shufeldt v. Department of Labor & Indus.*, 57 Wn.2d 758, 359 P.2d 495 (1961). The only evidence presented on appeal is that *contained in the Board record. Shufeldt v. Department of Labor & Indus.*, *supra; Floyd v. Department of Labor & Indus.*, 44 Wn.2d 560, 269 P.2d 563 (1954). Thus, even though the trial court may rule independently on evidentiary questions, as an appellate tribunal, it can only pass upon those matters that have first been presented to the Board and preserved in the Board's record for review. As a court of review, it cannot consider matters outside the record or presented for the first time on appeal. Objections to evidence can be considered only upon the specific grounds made before the Board. *Kull v. Department of Labor & Indus.*, 21 Wn.2d 672, 152 P.2d 961 (1944). *See also* 58 Am. Jur. *Workmen's Compensation* § 527, at 901 (1948); 100 C.J.S. *Workmen's Compensation* §§ 700, 707 (1958).

The reason for such an appellate procedure is obvious. If proper objection is made at the Board hearing, the party offering the evidence is afforded an opportunity to obviate the objection or waive it intelligently. *Kull v. Department of Labor & Indus., supra.* In the end, the appellate tribunal will be furnished with a complete record that will permit all the issues to be resolved. On the other hand, if new or different objections are permitted for the first time on appeal to the trial court, unsuspecting litigants will be faced with an undesirable trap. The practice would encourage counsel to reserve their objections until the time of appeal; or at least until it would be too late for an opponent to correct or complete the record. The effect of such a procedure would be to force the trial court to remand numerous cases to the Board for the completion of records made deficient by delayed objections. This alternative is not desirable.

At the time exhibits Nos. 4, 5, 6, 7, and 8 were offered at the superior court trial, some confusion arose concerning the application of CR 43(i).

Under the rule, a number of conditions must be complied with before the testimony of a witness, taken at a former trial, may be used. These are: (1) unavailability of the witness; (2) the trial at which the testimony is offered must involve substantially the same matters as the former trial; (3) the testimony must be offered (a) against a party who offered it in his own behalf on the former occasion, or (b) this section is not applicable here.

Whether one is "unavailable as a witness" within the meaning of CR 43(i), is governed by RPPP 26(d)(3) (now CR 26(d)(3)). Subsection (B) of CR 26(d)(3), which applies in this case, provides in part that a deposition may be used when ". . . the witness resides out of the county and more than 20 miles from the place of trial, . . . ."

When CR 43(i) and CR 26(d)(3) are read together it becomes clear that the provisions must be literally construed. Support for this view is found in 5 Wigmore, Evidence § 1401, at 146 (3d ed. 1940) wherein Professor Wigmore states:

> (a) There is on principle no distinction between a *deposition* and *former testimony* as to the conditions upon which either may be used at the trial.

*See also* C. McCormick, Law of Evidence § 234, at 495-96 (1954). With this position, as applied to the admission of former testimony under CR 43 (i), we substantially agree. It expresses the true intent of CR 43 (i) as adopted in 1960.

■ Some authorities still adhere to the older position that a witness at a *former* trial whose deposition was taken *after* that trial, and who was absent from the jurisdiction at the time of the *second* trial is not "unavailable", because his deposition may be used at the second trial. With this restrictive position we disagree. It is based upon *Kennedy v. Canadian Pac. Ry.*, 87 Wash. 134, 151 Pac. 252 (1915), which is a vestige of RCW 5.20.060, the old statute governing the use of former testimony. That statute was repealed by the state legislature in 1957 and replaced in 1961 by CR 43 (i), which is substantially broader in its application. As a result thereof, *Kennedy* is no longer controlling on the issue before us.

Insofar as the instant case is concerned, exhibits Nos. 4, 5, 6, 7, and 8, which consist of the former testimony of the witnesses in the Arizona trial, are admissible in the present action in Washington. All of them are "unavailable as witnesses" in *this* jurisdiction. This rule applies even though the depositions of those witnesses could have been taken under CR 26 (d) (3) but were not taken. The fact that one witness, Dr. Steelman, gave his deposition under CR 26 (d) (3) does not preclude the admission of his former testimony under CR 43 (i) if it is otherwise admissible.

The rule is designed to permit litigants to submit to the trial court all matters relevant to a determination of the controversy. Any other interpretation would only serve to thwart that purpose.

The adoption of CR 43 (i) caused two other modifications in the old rule on former testimony. Identity of *issues* is no longer necessary. It is only necessary that the issues involve "substantially the same matter." 4 Orland, Wash. Prac. 137-38 (2d ed. 1968). Further, the need for identity

of *parties* was abrogated. Now, it is sufficient if the former testimony is "offered against a party who offered it on his own behalf on the former occasion." 5 Meisenholder, Wash. Prac. 405-06 (1965).

Next, appellants contend that the trial court committed error by overruling objections to certain questions propounded to Dr. Gayle Wilson. The applicable assignment of error delineates with particularity the page and line of the Board record on which each objection appears. However, the assignment is not well taken.

■ One objection pertained to a hypothetical question posed to Dr. Wilson. The question had been furnished to him in writing. It was challenged because, it is alleged, a leading and suggestive statement had been written thereon. Although the issue is raised in the assignment of error, it is not argued in appellant's brief. An assignment of error that is not argued in the brief cannot be considered. *Bates v. Bowles White & Co.*, 56 Wn.2d 374, 353 P.2d 663 (1960). Other objections are presented by way of argument in appellant's brief. However, the challenges made in the argument were not preserved in the closely delineated assignment of error. Alleged errors of the superior court will not be considered unless the same be definitely pointed out in the assignments of error. ROA 43.

■ Error is also assigned to the trial court's overruling of appellants' objections to certain questions asked of Dr. Frank Matthews. Once again, the assignment of error delineates with particularity the page and line of the Board record on which each objection appears. The statement of facts reveals that the objections made at the Board level were not renewed at trial. It is well settled that objections to evidence cannot be raised for the first time on appeal. *Omeitt v. Department of Labor & Indus.*, 21 Wn.2d 684, 152 P.2d 973 (1944). An objection which appeared on p. 255 of the Board record was renewed at trial. However, appellants did not assign error to the trial court's ruling thereon. We will not consider alleged errors that have not been pointed out in the assignments of error. ROA 43.

Finally, appellants assign error to the trial court's refusal to grant a judgment notwithstanding the verdict. In essence, they argue that the Sepich case must fall because it is based upon the testimony of medical experts who answered hypothetical questions without the benefit of having examined him or having observed objective symptoms. They contend that respondent's medical experts could not have based their opinions, at least in part, on objective symptoms noted by them. This theory, however, misconstrues the prior holdings of this court.

We have held, in appeals from orders closing claims with a lesser award than that sought by respondent, that the issue is the correctness of the order of the Supervisor on the date it was issued (*i.e.* the closing date). *Dotson v. Department of Labor & Indus.*, 48 Wn.2d 855, 296 P.2d 1006 (1956). The extent of the disability, as it exists on the closing date, must be established by medical evidence based at least in part on objective symptoms. *Dotson v. Department of Labor & Indus., supra.* In turn, the objective symptoms must be proved by producing medical evidence that the objective symptoms either (1) had been discovered by a medical expert who mentally noted or physically recorded their existence on or prior to the closing date or within a reasonable time thereafter; or (2) have left their own record in the claimant's body on or prior to the closing date. *Dotson v. Department of Labor & Indus., supra; Hyde v. Department of Labor & Indus.*, 46 Wn.2d 31, 278 P.2d 390 (1955).

However, we have never held that evidence, pertaining to the existence of objective symptoms, or medical conclusions to be drawn therefrom, must be elicited from one medical expert or from the same medical expert. If a hypothetical question is properly cast within the framework of the material facts, as well as the objective symptoms observed and noted by other medical experts, the opinion of a medical expert who answers the hypothetical question is not legally deficient merely because he did not personally observe or note the objective symptoms related in the hypothetical question.

According to appellants, Dr. Wilson's testimony was deficient for another reason. It is contended that his answer to the hypothetical question assumed the existence of a condition not necessarily inferable from the question and not established by the evidence. *Sayler v. Department of Labor & Indus.*, 69 Wn.2d 893, 421 P.2d 362 (1966).

Appellants' position is not well taken. Dr. Wilson assumed that Mr. Sepich's seizures were of the *"grand mal"* type. The examining physician described them as "focal seizures", "focal motor seizures" and again as "epileptic seizures". Appellants assume, without establishing, that there is some radical or material difference in medical terminology that would necessarily destroy the validity of Dr. Wilson's testimony. However, there is nothing to indicate that Dr. Wilson's assumption was not reasonably within the objective medical findings of the examining physician. Lawyers' Medical Cyclopedia, Supplementary Service § 32.39a(B), at 516.10 (1967-68) reads in part:

> Focal seizures may thus result in generalized tonic clonic motor convulsion indistinguishable from grand mal, particularly when there is amnesia for the aura.

Further, 3A L. Gordy & R. Gray, Attorneys' Textbook of Medicine § 92.05, at 92-8 (3d ed. 1967) indicates that the method of dividing epileptic seizures into *petit mal* and *grand mal* may be inadequate, but some clinicians go no further than to make this distinction. Thus, under the circumstances, the objection to Dr. Wilson's answer goes to its weight rather than to its sufficiency.

A motion for judgment notwithstanding the verdict involves no element of discretion. It will not be granted unless the trial court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain a verdict. *Omeitt v. Department of Labor & Indus., supra.* Viewed in that light, appellants' assignment of error is without merit.

The judgment of the trial court is reversed and the cause remanded for a new trial consistent with this opinion.

HUNTER, C. J., HILL, FINLEY, and McGOVERN, JJ., concur.