[No. 25774-6-III.   Division Three.   July 22, 2008.]

STEVENS COUNTY, *Respondent*, v. LOON LAKE PROPERTY OWNERS ASSOCIATION ET AL., *Appellants*.

---

[40] *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 114 Wn.2d 677, 690-91, 790 P.2d 604 (1990).

*Timothy E. Allen* (of *McGaughey Bridges Dunlap, PLLC*), for appellants.

*Peter G. Scott* (of *Gough Shanahan Johnson & Waterman*), for respondent.

¶1 BROWN, J. — Jeanie Wagenman, on behalf of the Loon Lake Property Owners Association, Loon Lake Defense Fund, William and Janice Shawl, and Larson Beach Neigh-

bors, appeals the superior court's order granting Stevens County's (County) petition for review. The court reversed and remanded to the Eastern Washington Growth Management Hearing Board (GMHB), the last of three compliance orders issued to protect the Loon Lake wetlands and the Red-necked Grebe according to the Growth Management Act (GMA), chapter 36.70A RCW. Ms. Wagenman contends the trial court erred in ruling neither the habitat nor the species were properly nominated for protection. Under this record, and considering *Clallam County v. Western Washington Growth Management Hearings Board*, 130 Wn. App. 127, 133, 121 P.3d 764 (2005), we disagree with Ms. Wagenman. Therefore, we affirm.

## FACTS

¶2 In 2003, Ms. Wagenman initially challenged Stevens County's critical areas ordinance (CAO). She requested designation of the Loon Lake wetlands as a locally important habitat for the Red-necked Grebe. In October 2004, the GMHB issued its first order of compliance, ordering the County to respond. The GMHB construed Ms. Wagenman's request as a formal "nomination" under the GMA and found, "The County has received nominations to designate species and/or habitat of local importance." Clerk's Papers (CP) at 444 (Finding of Fact 7).

¶3 Based on public input and information from the Fish and Wildlife Department, the County passed a March 2005 resolution denying designation of Loon Lake wetlands and the Red-necked Grebe[1] as habitat and species of local importance (HSLI). In June 2005, the GMHB issued its second order of compliance, ordering the County to use the best available science, as required by the GMA, in making its designation decision. The GMHB found, "The County received nominations to designate species and/or habitat of local importance by the Petitioners." CP at 223.

---

[1] The County also denied designating the common loon as a species of local importance. The GMHB agreed.

¶4 The County then contracted with William T. Towey of Towey Ecological Services for review of the best available science. His analysis rejected the requested HSLI designation. In October 2005, the County amended its CAO and added appendix B, specifying a HSLI nomination process, which included an environmental checklist, public notice methods, and payment of a filing fee. In October 2005, the County passed a resolution denying Ms. Wagenman's requests for special designations. The GMHB issued a third order of compliance. But the GMHB again found, "The County received nominations to designate species and/or habitat of local importance by the Petitioners." CP at 502.

¶5 The County petitioned the Stevens County Superior Court for review of the third order of compliance. The County argued Ms. Wagenman did not properly nominate the Red-necked Grebe and Loon Lake wetlands as HSLI. Ms. Wagenman unsuccessfully moved to strike this argument. The court expressed concern that the record was deficient regarding nominations and continued the proceedings in the hopes "one or more of the parties would see fit to request a supplementation of the record." CP at 450. Neither party did. The court then concluded there was "nothing in the administrative record to support the finding that any nominations of species or habitat of local importance were ever submitted to the County." CP at 451. The court remanded the third order of compliance to the GMHB since substantial evidence did not support its nominations finding. Ms. Wagenman appealed.

ANALYSIS

A. Nominations Process

¶6 The issue is whether Stevens County is barred from raising the nominations issue. Ms. Wagenman contends the County waived this issue by not addressing it before the GMHB. She also contends the issue was fully litigated below and, therefore, cannot be addressed again based on res judicata.

■■ ¶7 The Administrative Procedure Act (APA), chapter 34.05 RCW, governs our review. *Clallam County*, 130 Wn. App. at 133. Under the APA, we may grant relief if the agency engaged in unlawful procedure or erroneously interpreted or applied the law. RCW 34.05.570(3)(c)-(d). We review procedural errors de novo. *Cent. Puget Sound Reg'l Transit Auth. v. Miller*, 156 Wn.2d 403, 412, 128 P.3d 588 (2006). In reviewing an administrative action, we sit in the same position as the superior court and apply the APA standards directly to the agency record. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).

■ ¶8 "The superior court acts in an appellate capacity, reviewing the Board's decision de novo, but 'cannot consider matters outside the record or presented for the first time on appeal.' " *Ferenćak v. Dep't of Labor & Indus.*, 142 Wn. App. 713, 719, 175 P.3d 1109 (2008) (quoting *Sepich v. Dep't of Labor & Indus.*, 75 Wn.2d 312, 316, 450 P.2d 940 (1969)). Additionally, res judicata, or claim preclusion, bars the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action. "Application of the doctrine requires identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made." *Pederson v. Potter*, 103 Wn. App. 62, 69, 11 P.3d 833 (2000).

¶9 The GMA requires counties to designate critical areas. RCW 36.70A.170(1)(d). RCW 36.70A.030(5) lists types of critical areas: (1) fish and wildlife habitat conservation areas, (2) wetlands, (3) frequently flooded areas, (4) critical aquifer recharge areas, and (5) geologically hazardous areas. Counties must "include the best available science" when they develop their critical areas regulations. RCW 36.70A.172(1). Counties must determine which habitats and species are of local importance. WAC 365-190-080(5)(c)(ii). The County requires HSLI to be nominated by an agency, individual, or organization. STEVENS COUNTY CODE Title 13 (Critical Areas Ordinance) App. B. The County enacted a specific process for nominations. *Id.*

¶10 In *Clallam County*, the superior court reversed the Western Washington Growth Management Hearings Board, which invalidated Clallam County's preexisting agricultural uses exemption from the county's critical areas ordinance. Protect the Peninsula's Future, a Washington nonprofit organization, appealed, arguing the county's issues were barred because the Board's initial decision was made in 2001 and the county did not appeal the Board's findings then. 130 Wn. App. at 131. Division Two of this court disagreed, holding, "The various stages of this litigation are part of a single proceeding." *Id.* at 132. The court found res judicata principles did not apply.

■ ¶11 Here, Ms. Wagenman challenged the County's CAO in 2003. She requested designation of the Loon Lake wetlands as a locally important habitat for the Red-necked Grebe. In October 2004, the GMHB issued its first order of compliance, ordering the County to respond. Based on public input and information from the Fish and Wildlife Department, the County passed a resolution in March 2005, denying the HSLI designation. The GMHB then issued its second order of compliance, ordering the County to use best available science, as required by the GMA, in making its designation decision. Then, based on Mr. Towey's review of the best available science, the County again passed a resolution denying Ms. Wagenman's requests for special designations. The GMHB issued a third order of compliance. The County appealed to the superior court, arguing the nominations process was not followed.

¶12 The series of compliance orders arise out of the same proceeding. The central issue has remained whether the County should designate the wetlands and Red-necked Grebe as HSLI. Nominations are part of the designation process. Under *Clallam County*, we reject Ms. Wagenman's contrary contentions. Accordingly, we conclude the superior court properly considered the nominations issue raised by the County on appeal.

## B. Substantial Evidence Requirement

¶13 The issue is whether substantial evidence supports the GMHB's three findings supporting its three compliance orders that the County received HSLI nominations.

¶14 Ms. Wagenman contends a plain reading of the first order of compliance provides substantial evidence that nominations were properly received. She extensively quotes the first order of compliance in her reply brief. This order, however, is not in our record. On appeal, we will not consider matters not in the record. RAP 9.2(b). Ms. Wagenman has the burden to provide an adequate record to review her issues; the trial court's decision must stand if this burden is not met. RAP 9.2; *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

¶15 We may grant relief from a GMHB decision if it is not supported by substantial evidence. *Clallam County*, 130 Wn. App. at 133 (citing RCW 34.05.570(3)(e)). "Substantial evidence is evidence sufficient to persuade a fair-minded person that the Board's order is correct." *Id.* (citing *Honesty in Envtl. Analysis & Legislation (HEAL) v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 96 Wn. App. 522, 526, 979 P.2d 864 (1999)).

¶16 The superior court expressed its concern that the record was deficient regarding nominations and continued the proceedings to allow the parties to request to supplement the record. Neither party did.

¶17 In appendix B to Title 13 of the Stevens County Code, the County specifies the nominations process, which includes completing an environmental checklist, documenting public notice methods, and paying a filing fee. No evidence in the record shows any of these steps occurred. We are aware of no vested right principle Ms. Wagenman may claim that prevented the County from later legislatively specifying its nominations process. Therefore, substantial evidence does not exist to support GMHB's contin-

ued finding that the County received nominations. The superior court properly found likewise.

¶18 Affirmed.

SCHULTHEIS, C.J., and KULIK, J., concur.