# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TAMRA ARCHER LEIGH, | No. 52006-1-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — Tamra A. Leigh appeals from the superior court's order affirming the Board of Industrial Insurance Appeals (Board) order. The Board's order denied Leigh's motion to vacate the Board's prior order, which denied Leigh's appeal of the Department of Labor and Industries' (L&I) order suspending Leigh's time loss compensation benefits. Leigh argues that L&I's failure to properly communicate its suspension order rendered void all subsequent L&I and Board orders, including the Board's orders resolving and closing Leigh's workers' compensation claim.

We affirm the superior court's denial of Leigh's appeal because res judicata bars Leigh from relitigating issues pertaining to her workers' compensation claim when the Board entered final orders closing her claim.

FACTS

On June 8, 2007, Leigh sustained industrial injuries during the course of her employment. Leigh filed an industrial insurance claim with L&I. L&I allowed the claim and provided Leigh with time loss compensation benefits.

L&I referred Leigh to vocational training so she could be assessed for retraining. On April 1, 2011, L&I issued an order suspending Leigh's benefits for failure to comply with her accountability agreement and vocational retraining plan pursuant to RCW 51.32.099. The April 1, 2011 order (the "suspension order") stated that Leigh's time loss compensation benefits would be suspended effective April 1, 2011 and would stay in effect until Leigh's claim closed.

L&I mailed the suspension order to Leigh's prior attorney. Leigh switched attorneys on March 31, 2011, the day before the suspension order was issued. On April 12, 2011, L&I mailed Leigh's new attorney a "microfiche copy" of Leigh's claim file, which apparently contained a copy of the suspension order.[1] Clerk's Papers (CP) at 37, 144. On April 25, 2011, Leigh's attorney sent a message to L&I on behalf of Leigh that indicated he had knowledge of the suspension order and contradicted the order. Leigh's attorney also sent a letter to L&I on behalf of Leigh on June 15, 2011. The letter stated that "we protested any adverse orders against our client." *Id.* at 32.

On July 25, 2011, L&I issued an order affirming the suspension of Leigh's benefits. On July 27, 2011, L&I issued an order closing Leigh's claim, which in turn ended time loss

---

[1] The Board and the superior court did not make a finding regarding whether the microfiche copy of Leigh's claim file contained a copy of the suspension order. However, the microfiche copy likely contained a copy of the order because Leigh's attorney protested the order soon after receiving it. Also, Leigh appears to concede in her brief that the order was contained in the microfiche. She says that her lawyer had "knowledge of said order, per online access and microfiche." Am. Br. of Appellant at 10.

compensation benefits as paid through March 21, 2011 without an award of permanent partial disability benefits. On September 12, 2011, Leigh's attorney appealed the July 25, 2011 order affirming the suspension and the July 27, 2011 order closing Leigh's claim to the Board.

On June 29, 2012, the parties entered into a stipulation for an "Order on Agreement of Parties."[2] Pursuant to the order on agreement, Leigh's attorney moved to dismiss the appeal of the July 25, 2011 order affirming the suspension. The parties agreed to reverse the July 27, 2011 order closing Leigh's claim in order to pay Leigh awards for permanent partial disability and then close the claim. Based on the stipulated agreement, the Board issued an order dismissing Leigh's appeal of the July 25, 2011 order affirming the suspension. The Board entered the Order on Agreement of Parties, which summarized the agreement and closed Leigh's claim, on June 29, 2012.

Five years later, on August 2, 2017, Leigh filed an appeal to the Board titled "Department's Failure to Communicate Order." In her appeal, Leigh argued that the April 1, 2011 suspension order, the July 25, 2011 order affirming the suspension, and the Board's July 27, 2011 order closing her claim were "unjust and unlawful" because L&I failed to properly communicate the April 1, 2011 suspension order to her attorney.[3] *Id.* at 130. Leigh argued that due to this error, she was entitled to total disability benefits from the date L&I suspended her time loss compensation.

On August 24, 2017, the Board denied Leigh's appeal. The Board concluded that Leigh could not appeal the April 1, 2011 suspension order because it was not a final determination on

---

[2] The agreement is not in the record on appeal. However, the Board and the superior court made these findings, and Leigh does not challenge them.

[3] In Leigh's appeal titled "Department's Failure to Communicate Order," she also appealed two other orders that are not relevant to this appeal.

the issue. The order was not a final determination because Leigh protested the order and L&I issued a new order on July 25, 2011 affirming the suspension.[4] Thus, the July 25, 2011 order was the final appealable order.

On September 2, 2017, Leigh unsuccessfully moved to vacate the Board's August 24, 2017 order dismissing her appeal. The Board's ruling stated the following:

> Ms. Leigh's arguments have no legal validity. The April 1, 2011 suspension order was protested by her attorney, affirmed by [L&I], and appealed by her attorney. At a hearing in the presence of Ms. Leigh, her attorney moved to dismiss the appeal and an order was issued so doing. That order is final and binding and the matter is res judicata.

*Id.* at 89.

Leigh petitioned the Pierce County Superior Court for review of the Board's determination.[5] Leigh again asserted that the suspension order was not communicated to her or her attorney and argued that because L&I failed to communicate the suspension order, L&I and the Board did not have legal authority or "jurisdiction" to issue any order after April 1, 2011. *Id.* at 171. Leigh requested the court to "reverse all orders and agreements" entered by L&I and the Board as of April 1, 2011 and award Leigh time loss compensation and permanent total disability benefits. *Id.* at 178 (bolding and italics omitted). The superior court affirmed the Board's decision.

Leigh appeals the superior court's order denying Leigh's petition for review.

---

[4] The Board transferred Leigh's appeal of the July 25 order affirming Leigh's suspension of benefits to a different docket to determine it separately. It is not in the record on appeal.

[5] Leigh filed a "Petition for Review," "Brief in Support Petition for Review," and "Brief in Response Petition for Review."

No. 52006-1-II

DISCUSSION

I. STANDARD OF REVIEW AND LEGAL PRINCIPLES

Under the Industrial Insurance Act ("IIA"), Title 51 RCW, the Board's orders are prima facie correct and the party challenging the order has the burden of proof. RCW 51.52.115; *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009). The superior court reviews the issues de novo and "cannot consider matters outside the record or presented for the first time on appeal." *Sepich v. Dep't of Labor & Indus.*, 75 Wn.2d 312, 316, 450 P.2d 940 (1969); RCW 51.52.115.

On appeal of the superior court's order, we review the superior court's order, not the Board's order, using the ordinary standard of review for civil cases. RCW 51.52.140; *Rogers*, 151 Wn. App. at 180. "'[T]he superior court may substitute its own findings and decision for the Board's only if it finds, from a fair preponderance of credible evidence, that the Board's findings and decision are incorrect.'" *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 482, 40 P.3d 1221 (2002) (internal quotation marks omitted) (quoting *McDonald v. Dep't of Labor & Indus.*, 104 Wn. App. 617, 622, 17 P.3d 1195 (2001)).

We review for sufficient or substantial evidence, taking the record in the light most favorable to the party who prevailed in superior court. *Rogers*, 151 Wn. App. at 180-81. We review the superior court's conclusions of law de novo. *Hill v. Dep't of Labor & Indus.*, 161 Wn. App. 286, 292, 253 P.3d 430 (2011).

5

L&I is responsible for administering the IIA.  Former RCW 51.52.050 (2011).  L&I orders or decisions become final within 60 days from the date the order is communicated[6] to the parties unless a written request for reconsideration (protest) is filed with L&I or the order is appealed to the Board.  *Boyd v. City of Olympia*, 1 Wn. App. 2d 17, 28, 403 P.3d 956 (2017), *review denied*, 190 Wn.2d 1004 (2018).

A worker or any party aggrieved by the Board's decision and order may appeal the final decision and order to the superior court.  Former RCW 51.52.050(2)(b).  The appealing party must appeal the Board's final decision and order within 30 days of the Board's communication of its decision and order to the appealing party.  RCW 51.52.110.  If a party fails to appeal the Board's decision and order within 30 days, the decision and order "shall become final."  RCW 51.52.110.

## II.  RES JUDICATA

Leigh contends that the superior court erred when it affirmed the Board's order dismissing her motion to vacate because L&I and the Board lacked "jurisdiction" to enter orders adjudicating her workers' compensation claim because L&I failed to properly communicate the suspension order.  Am. Br. of Appellant at 14.  Leigh contends that her appeal is not barred by res judicata because (1) the Board's orders never became final and binding, (2) the Board never addressed L&I's failure to communicate the suspension order to her attorney, and (3) applying res judicata to preclude her claim would be unjust.  L&I argues that res judicata applies because the Board's final orders resolved Leigh's workers compensation claim involving the same subject matter and the same parties.  We agree with L&I.

---

[6] "[C]ommunicated" means that the order, decision, or award is received by the respective party. *Shafer v. Dep't of Labor & Indus.*, 166 Wn.2d 710, 717, 213 P.3d 591 (2009).

An order by L&I becomes a complete and final adjudication binding on all parties unless the action is set aside on appeal or vacated. *Leuluaialii v. Dep't of Labor & Indus.*, 169 Wn. App. 672, 682, 279 P.3d 515 (2012). "An unappealed [L&I] order is *res judicata* as to the issues encompassed within the terms of the order." *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 169, 937 P.2d 565 (1997) (plurality opinion). Whether res judicata bars an action is a question of law reviewed de novo. *Ensley v. Pitcher*, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). "The party asserting the defense of res judicata bears the burden of proof." *Id.* at 902.

"Generally, res judicata bars the relitigation of claims that were litigated, *might* have been litigated, or *should* have been litigated in a prior action." *Weaver v. City of Everett*, 4 Wn. App. 2d 303, 315, 320, 421 P.3d 1013 (2018), *aff'd*, ___ Wn.2d ___, 450 P.3d 177 (2019). Thus, "[t]he failure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim." *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 538, 886 P.2d 189 (1994).

Pursuant to a settlement agreement, Leigh agreed to dismiss her appeal of the July 25, 2011 suspension order and accepted payment for permanent partial disability. In accordance with the settlement agreement, the Board entered an order dismissing Leigh's appeal of the July 25, 2011 suspension order and closing Leigh's claim. The settlement agreement is a valid agreement between the parties, and the agreement resolved all issues relating to Leigh's claim.

The Board's orders became the final and complete adjudication of Leigh's claim because Leigh did not timely appeal the Board's orders to the superior court. RCW 52.52.110; *Leuluaialii*, 169 Wn. App. at 682. Failure to appeal the Board's final order turns the order into a final adjudication and precludes Leigh from arguing issues that arise from the order. *Leuluaialii*, 169

Wn. App. at 682 (claimant waived argument that the original L&I order was not communicated to the proper physician, therefore never became final, by not raising the argument in her appeal to the Board). Even if there was a legal issue regarding communication of the April 1, 2011 suspension order, res judicata bars the relitigation of claims that "*might* have been litigated, or *should* have been litigated in a prior action." *Weaver*, 4 Wn. App. 2d at 320.

We hold that res judicata applies and Leigh is precluded from relitigating her claim in this court.

## CONCLUSION

We affirm the superior court's decision to affirm the Board and hold that res judicata bars Leigh's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

SUTTON, J.