IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CORY COFFIN,<br><br>　　　　　　Appellant,<br><br>　　　　v.<br><br>EMPLOYMENT SECURITY<br>DEPARTMENT,<br><br>　　　　　　Respondent. | No. 88153-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BUI, J. — The State of Washington Employment Security Department (Department) denied Cory Coffin's claim for unemployment benefits, finding he quit his employment without good cause. An administrative law judge upheld the Department's decision. The Commissioner's Review Office also affirmed the Department's decision. The superior court reviewed and affirmed the Commissioner's decision. On appeal, Coffin argues the Commissioner erred because he was not given the opportunity to develop a full record of the circumstances of the job separation. Because Coffin's arguments either fail or are abandoned due to inadequate briefing, we affirm.

FACTS

Cory Coffin worked full-time as a maintenance technician for Invitation Homes, a company that rents single-family homes. As part of his job, he conducted home repairs and facilitated move-in inspections with new residents.

In January and February 2023, Coffin's regional manager, Mary Craig, e-mailed him expressing concerns Coffin was frequently not busy with work, took his lunch breaks too close to the end of his shift, and worked unapproved or excessive overtime. Coffin disagreed with Craig's statements and stated Craig was using the statements as a "cudgel" to affect him. He believed Craig's statements were malicious because they were made shortly before his annual review. Coffin forwarded Craig's e-mails to Human Resources and complained that Craig was harassing him.

In June 2023, Invitation Homes organized for employees to attend a baseball game together. Coffin responded he could attend but later informed his supervisor and Craig that he could not finish his assigned task in time, so he took a lunch break instead. Craig sent Coffin an e-mail, expressing her dissatisfaction with his untimely communication for missing the baseball game. Coffin expressed he felt Craig acted maliciously.

Following Craig's e-mail about the alleged poor communication, Invitation Homes attempted to schedule a meeting to discuss Coffin's concerns. Coffin expressed he believed the meeting was an attempt to discipline him or terminate his employment; he refused to attend unless Invitation Homes agreed to allow him to record the meeting and bring an advocate. Invitation Homes denied his requests.

On June 24, 2023, Coffin refused to conduct any further maintenance on homes until Invitation Homes agreed to his previous demands or agreed to discipline Craig for her statements. Coffin requested paid administrative leave

and that the leave not be deducted from his paid time off. Invitation Homes declined his requests but allowed him to use paid leave or unpaid administrative leave.

Invitation Homes made several attempts to resolve Coffin's concerns. For example, Craig offered to do a ride along, but Coffin perceived the offer as a threat and refused. Invitation Homes tried to schedule a time to discuss a path toward Coffin returning to work; and Erica Wicke, a representative from human resources, called Coffin to assure him the phone conversation would not include a discussion of any disciplinary action. Still, Coffin refused to meet, unless his demands were met.

In an e-mail to Coffin on July 21, 2023, Wicke summarized their communication and reiterated that she investigated Coffin's accusations but found them unsubstantiated. She also affirmed Invitation Homes was unable to meet his demands. Coffin accused the employer of committing age-based discrimination and stated, "If such resolution cannot be realized, principle demands that I issue formal complaint with the appropriate institution and separate my employment in a manner that will preserve my interests."

Wicke asked Coffin to clarify whether or not he was resigning, to which Coffin responded he hoped it would not come to that, but it was a possibility he would do so. Wicke responded the company could not agree to his demands, but Coffin could remain on leave.

On September 8, 2023, Coffin e-mailed Wicke and others at Invitation Homes stating, due to the impasse, he would be seeking unemployment benefits.

3

In the e-mail, he inquired about offboarding information related to his benefits and asked the company to retrieve its property from his residence.

Wicke responded by advising that they removed Coffin from leave of absence status and "are processing [his] separation of employment effective today, Tuesday, September 12, 2023." She also informed Coffin of his benefit amounts. Coffin responded, clarifying he did not request to be removed from administrative leave status. Coffin deemed Invitation Home's actions amounted to a "soft severance or quiet termination."

Thereafter, Coffin applied for unemployment benefits. The Department sent Coffin a questionnaire inquiring why he was no longer employed, and Coffin responded he was fired for unknown reasons. The Department determined he quit due to job dissatisfaction. The Department denied Coffin's claim for unemployment benefits because it found he quit without statutory good cause.

Coffin retained legal counsel and appealed the Department's determination. The matter was scheduled for an administrative hearing before an administrative law judge (ALJ). The Office of Administrative Hearings (OAH) sent a Notice of Hearing and information on "how to prepare for your unemployment hearing" to Coffin, his attorney, and the employer. Specifically, the parties were advised "[y]ou are responsible for making your case to the judge. You will need to prepare." The parties were also informed on the submission of additional documents to "immediately" send them to OAH and other parties; and the parties were instructed, "[i]f your documents are not submitted to OAH and the other parties in advance, your documents may not be considered." The employer did

4

not appear at the hearing, and neither Coffin nor his counsel addressed the employer's absence.

At the beginning of the hearing, the ALJ asked whether Coffin had any exhibits to supplement the ones attached to the notice of hearing previously sent to the parties. Coffin stated he had some things he would like to refer to but explained, "it got down to the wire." Coffin's counsel stated they did not submit any supplemental exhibits or intend to submit any in the future. The ALJ proceeded to identify the 30 pages of exhibits previously marked, and they were admitted without objection.

In its written order, the ALJ concluded that the only possible good cause reason to quit his employment was "illegal activities at the worksite." The ALJ found Coffin did not establish a prima facie hostile work environment claim because he did not submit any evidence establishing Craig or Invitation Homes created a hostile work environment or that he suffered any harassment, and thus, Coffin did not have good cause to quit work. The ALJ entered an initial order affirming the Department's determination.

Coffin represented himself and appealed the ALJ's decision to the Commissioner's Review Office. The Commissioner found Coffin "was afforded a full and fair opportunity to present his case before the [OAH]" and that there was "substantial evidence in support of the [ALJ's] findings" and affirmed the ALJ's decision.

Coffin appealed the Commissioner's decision to Pierce County Superior Court. Prior to the scheduled hearing in superior court, Coffin filed a motion to

supplement the record with 79 pages of additional exhibits, all e-mails between Coffin and Invitation Homes and one visual graph about his work performance. Also, he requested the superior court remand the matter to the Department for additional fact-finding because he believed the administrative record was incomplete due to the employer's non-appearance at the hearing and the ALJ did not proactively develop the record.

The superior court denied Coffin's motion. Applying RCW 34.04.562, the court explained:

> [N]othing mandates the ALJ to call a witness or to demand documents. That is never the judge's job. It would be impossible . . . for a judge to have any ability to know what's out there in any given case. And when you multiply that by the hundreds of cases that come before every ALJ and municipal court judge and district court judge and tribal judge and superior court judge and appellate judge and supreme court judge in this state and then across the nation, if you put the burden on the judges to know what discovery and what witnesses were necessary for the fair and just adjudication of any case, we would be in utter chaos . . . .

On March 7, 2025, the superior court affirmed the Commissioner's decision. Coffin timely appealed.

ANALYSIS

Coffin contends his due process rights to a fair hearing were denied because he was not given the opportunity to develop a full record of the circumstances of the job separation when his matter was heard at the administrative level and before the superior court. Even if we reach the merits of Coffin's argument, we agree with the Commissioner's decisions.

The Washington Administrative Procedure Act (APA), ch. 34.05 RCW, governs judicial review of an agency's action. Under the APA, we review only the

6

final agency decision, here, the Commissioner's final order. Woldemicael v. Dep't of Soc. & Health Servs., 19 Wn. App. 2d 178, 184, 494 P.3d 1100 (2021) (published in part). As the party challenging the agency action, Coffin bears the burden of demonstrating the invalidity of the agency's decision. Woldemicael, 19 Wn. App. 2d at 184 (citing RCW 34.05.570(1)(a)). Additionally, " '[t]he challenging party must show that [they have] been substantially prejudiced by the agency action.' " Woldemicael, 19 Wn. App. 2d at 184 (quoting Beatty v. Fish & Wildlife Comm'n, 185 Wn. App. 426, 443, 341 P.3d 291 (2015) (citing RCW 34.05.570(1)(d))).

Under the APA, "we may grant relief . . . for any one of nine reasons set forth in RCW 34.05.570(3)(a)-(i)." Am. Fed'n of Teachers, Local 1950 v. Pub. Emp't Relations Comm'n, 18 Wn. App. 2d 914, 921, 493 P.3d 1212 (2021). Coffin does not specifically cite subsections of RCW 34.05.570 to request relief from an agency order. However, Coffin's claims that the Commissioner's order is "in violation of constitutional provisions," that the Commissioner "has erroneously interpreted or applied the law," and that the Commissioner's order is "not supported by evidence that is substantial when viewed in light of the whole record" are sufficiently clear such that there are no compelling reasons for this court not to consider the merits or the issues concerning these claims. State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995). Accordingly, our review is limited to subsections (3)(a), (d), and (e) to determine whether to grant Coffin relief on those bases.

We review an alleged constitutional violation de novo. See State v. Warner, 125 Wn.2d 876, 882-83, 889 P.2d 479 (1995); State ex rel. Washington State Pub. Disclosure Comm'n v. Permanent Offense, 136 Wn. App. 277, 293, 150 P.3d 568 (2006), as modified on denial of reconsideration (Dec. 20, 2006).

Otherwise, our APA review of an agency decision "is limited to deciding if the decision is based on an error of law, the order is not supported by substantial evidence, or the order is arbitrary and capricious." Campbell v. Emp't Sec. Dep't, 180 Wn.2d 566, 571, 326 P.3d 713 (2014); RCW 34.05.570(3)(a)-(i).

Under RCW 34.05.570(3)(c), this court may grant relief from an agency order where "[t]he agency has engaged in unlawful procedure or decision-making process." We review allegations that an agency has engaged in unlawful procedure or failed to follow a prescribed procedure de novo. K.P. McNamara Nw., Inc., v. Dep't of Ecology, 173 Wn. App. 104, 121, 292 P.3d 812 (2013) (quoting Stevens County v. Loon Lake Prop. Owners Ass'n, 146 Wn. App. 124, 129, 187 P.3d 846 (2008)).

The agency's findings of fact are reviewed under the substantial evidence standard. RCW 34.05.570(3)(e). This standard is highly deferential to the administrative fact finder. King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 142 Wn.2d 543, 553, 14 P.3d 133 (2000). The same deference should be afforded to an agency's factual findings as an appellate court would afford a superior court's findings. Snohomish County v. Hinds, 61 Wn. App. 371, 378–79, 810 P.2d 84 (1991). This court engages in de novo review of the

8

agency's legal conclusions. In re the License to Practice Pharmacy of Farina, 94 Wn. App. 441, 450, 972 P.2d 531 (1999).

Coffin contends the Commissioner erred by committing "procedural irregularity" both statutorily and constitutionally by denying his motion to supplement the administrative record with additional evidence. He also contends the Commissioner's findings of fact were unsupported by substantial evidence. We address the issues Coffin cites with supporting authority; we decline to address issues inadequately briefed and insufficiently argued. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990).

To support his claim of procedural irregularity, Coffin cites RCW 34.05.449(5), arguing that the ALJ failed to develop a full and fair record "that will ascertain the substantial rights of the parties."

Coffin's reliance is misplaced. Of relevance is subsection (2), which directs the presiding officer to give all parties the opportunity to develop the record by "present[ing] evidence and argument, conduct cross-examination, and submit rebuttal evidence." RCW 34.05.449(2). Subsection (5), cited by Coffin, provides how the hearing officer should conduct the hearing, that it be open to public observation unless closure exceptions apply, that witnesses may be excluded for good cause, and that the hearing may be conducted by telephone and if so, that the hearing transcript or other agency record is available for public inspection. RCW 34.05.440(5).

Given Coffin's general assertion about the procedural and constitutional irregularity of being denied the opportunity to supplement the administrative record, we will address subsection (2) of that same statute. That subsection directs the hearing officer to "afford all parties the opportunity to respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence." RCW 34.05.449

There was substantial evidence to support the Commissioner's conclusion that Coffin was given a full and fair opportunity to present his case before the ALJ. The parties, including Coffin, were advised about the procedures and rules on the submission of evidence when the Department sent hearing materials prior to the scheduled hearing. The materials included documents such as the Department's determination letter, a fact-finding questionnaire from the Department, a summary of the weekly benefits paid to Coffin, and notes made by a Department employee. Coffin's counsel confirmed he reviewed the exhibits, had no objections to their admission, and had no further exhibits to present. Coffin did not object or correct his attorney. Coffin was afforded "the opportunity to respond, present evidence, and argument." RCW 34.05.449(2). Therefore, his argument fails.

Coffin relies on <u>Lenca v. Employment Sec. Dep't</u>, 148 Wn. App. 565, 200 P.3d 281 (2009), the Fourteenth Amendment of the United States Constitution and article I, section 3 of the Washington State Constitution, to argue the Commissioner's decision should be reversed because "procedural irregularity" occurred. Coffin fails to explain in his briefing how <u>Lenca</u> supports his case. Nor

does it support his argument. <u>Lenca</u> does not stand for the proposition that due process is violated when a Commissioner refuses to remand a case to the ALJ to take additional evidence. The Commissioner erred in <u>Lenca</u> because it failed to consider additional evidence that controverted the employer's key testimony to the ALJ. <u>Lenca</u>,148 Wn. App at 576.

Coffin's presentation of his case is unlike <u>Lenca</u>. Coffin does not explain how his e-mail communications with Invitation Homes provided relevant information not previously presented to the ALJ. Failure to provide sufficient argument and citation to authority in an opening brief waives the issue. <u>See, e.g.</u>, <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3(a), (c); <u>DeHeer v. Seattle Post-Intelligencer</u>, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Neither the ALJ nor the Commissioner has an obligation to develop a record, and Coffin's briefing does not explain otherwise.[1]

Therefore, Coffin's procedural irregularity arguments fail.

For the remainder of Coffin's assertions, Coffin did not cite legal authority. For example, Coffin claimed the findings and decisions of the ALJ affirmed by the Commissioner were not supported by substantial evidence. We need not consider arguments that are not developed or for which the appellant has not cited authority. <u>State v. Dennison</u>, 115 Wn.2d 609, 629, 801 P.2d 193 (1990). The crux of his argument is based on his belief that the "incomplete" record

---

[1] Failure to provide sufficient argument and citation to authority in an opening brief waives the issue. <u>See, e.g.</u>,  <u>Bosley</u>, 118 Wn.2d at 809; RAP 10.3(a), (c); <u>Deheer</u>, 60 Wn.2d at 126 ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

would necessarily render any decision erroneous. However, as discussed supra, his opportunity to present his own evidence and object and respond to the Department's materials that were provided to him and his attorney were at the administrative level, and he failed to do so. See, e.g., RCW 34.05.449(2).

Coffin also misunderstands the application of the "substantial evidence" standard on appeal. Substantial evidence is "sufficient to persuade a rational, fair-minded person of the truth of the finding." In re Est. of Jones, 152 Wn.2d 1, 8, 93 P.3d147 (2004). Evidence may be substantial even if conflicting or susceptible to other reasonable interpretations. Fred Hutchinson Cancer Ctr. v. Holman, 107 Wn.2d 693, 713-14, 732 P.2d 974 (1987). Coffin misinterprets the substantial evidence review standard as requiring the ALJ or Commissioner to proactively develop the record. As such, he does not provide any argument on why the record developed at the administrative level does not meet the substantial evidence review standard.

A review of the ALJ's factual findings adopted by the Commissioner shows there was substantial evidence to support the conclusion that Coffin did not quit for "good cause." Coffin's actions indicated he chose not to return to work. Per the e-mail exchange between him and Craig, he stated that due to Invitation Homes not meeting his demands for a recorded meeting where he had representation to discuss his concerns about Craig, he would be seeking unemployment benefits, requesting the company retrieve its property from his residence, and inquiring about offboarding information.

Although Coffin perceived Craig's e-mails to be malicious and harassing,

the e-mail content was about his work performance, none of which indicated

discrimination. Invitation Homes also investigated Coffin's complaints about the

alleged harassment from Craig, did not discipline Coffin following the e-mail

exchange between him and Craig about his communication issues , and

attempted to schedule meetings to discuss his concerns about Craig, but Coffin

refused to meet.

Based on this record, there was substantial evidence to support the

Commissioner's adopted finding that "[Coffin] quit his job primarily because of

personal dissatisfaction with the job including conflict with other employees."

Coffin's characterization of Craig's conduct as harassing does not mean the

record lacked substantial evidence to support the Commissioner's finding.

Finally, Coffin requested an award of attorney fees, but he provides no

argument to support the awarding of fees and is not the prevailing party.[2] We

deny his request for attorney fees.

We affirm the Commissioner's decision and, accordingly, affirm the

superior court's decision on judicial review.

---

[2] A party must "devote a section of its opening brief to the request for the fees or expenses." RAP 18.1(b). "Argument and citation to authority are required under the rule to advise us of the appropriate grounds for an award of attorney fees as costs." Wilson Ct. Ltd. P'ship v. Tony Maroni's, Inc., 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998)). Requests that fail to comply with these requirements are properly denied. Thompson v. Lennox, 151 Wn. App. 479, 485, 151 P.3d 597 (2009). Even if Coffin complied with RAP 18.1(b), he is not the prevailing party, thus fees would still be denied. RAP 18.1(a).

WE CONCUR:

Feldman, J.

Coburn, J.