IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| ALASKA AIRLINES, | No.86738-5-I |
| Appellant, | |
| | ORDER GRANTING |
| v. | MOTIONS TO |
| | PUBLISH OPINION |
| HILLARY SPANJER, | |
| Respondent. | |

The respondent, Hillary Spanjer, and non-party William Hochberg and Rachel Hamar, having filed motions to publish opinion, and the panel having considered the motions, and finding that the opinion dated August 4, 2025 will be of precedential value; now, therefore it is hereby

ORDERED that the unpublished opinion filed August 4, 2025 shall be published.

FOR THE COURT:

_____
Coburn, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALASKA AIRLINES,<br><br>               Appellant,<br><br>    v.<br><br>HILLARY SPANJER,<br><br>               Respondent. | No. 86738-5-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

COBURN, J. — Alaska Airlines appeals from a jury verdict in favor of Hillary Spanjer, who sought coverage from the Department of Labor and Industries (Department) for a surgery that she received following a workplace injury. The jury affirmed a Board of Industrial Insurance Appeals (Board) order directing self-insured employer Alaska Airlines to pay for the surgery. Alaska Airlines contends that the trial court erred in rejecting its proposed jury instruction. See WAC 296-20-02850, -01002. The trial court did not abuse its discretion in denying the instruction because of the risk of causing confusion. Because Alaska Airlines was otherwise allowed to argue its theory of the case, we affirm.

FACTS

Spanjer was a flight attendant for Alaska Airlines. In 2018 Spanjer was injured during a plane's hard landing while on duty. She subsequently filed for workers' compensation benefits with the Department, under the Industrial Insurance Act (IIA),

Title 51 RCW. After Spanjer's initial treatments did not relieve her pain, she sought treatment from orthopedic surgeon Dr. Patrick Bays. Dr. Bays diagnosed Spanjer with a sacroiliac (SI) joint dysfunction and referred her to another orthopedic surgeon, Dr. Christopher Boone, for an SI joint fusion surgery.

Spanjer filed a request for the Department to cover the SI joint fusion surgery, which the Department denied in June 2021. Spanjer proceeded to get the surgery. The Department declined Spanjer's subsequent request to reconsider, affirming its coverage denial. Spanjer appealed to the Board.

In May 2022 an Industrial Appeals Judge (IAJ) conducted a hearing. The IAJ heard testimony from multiple witnesses, including Spanjer, doctors Bays and Boone, and Alaska Airlines' expert Dr. Aleksander Curcin. Following the hearing, the IAJ entered a proposed decision and order reversing the Department's denial and remanded with instructions for the Department to issue an order directing Alaska Airlines to pay for the SI joint fusion surgery. The IAJ's order included these findings:

1. On January 5, 2022, an industrial appeals judge certified that the parties agreed to include the Jurisdictional History in the Board record solely for jurisdictional purposes.

2. Hillary Spanjer sustained an industrial injury on July 5, 2018 while working as a flight attendant for Alaska Airlines, when the plane she was in landed hard on the runway. Ms. Spanjer was jostled around, and felt immediate shooting pain in her back and neck.

3. Ms. Spanjer's condition diagnosed as a right [SI] joint strain/sprain/dysfunction was proximately caused by the industrial injury.

4. On May 7, 2021, Ms. Spanjer underwent a[n] [SI] joint fusion surgery.

2

5.  The May 7, 2021 [SI] joint fusion surgery was proper and necessary medical treatment for Ms. Spanjer's condition proximately caused by the industrial injury.

In November Alaska Airlines petitioned for review. The Board denied the petition, adopting the IAJ's proposed decision and order.

In January 2023 Alaska Airlines appealed the Board's decision to the King County Superior Court. The case proceeded to a jury trial, where the same testimony admitted at the IAJ's hearing, as part of the certified appeal Board record, was read to the jury. We recite below the testimony that is relevant to the issue raised in this appeal.

Dr. Curcin, an orthopedic surgeon who specializes in spinal surgeries, testified that he has never performed an SI joint fusion surgery because on a national and international level they are generally "not a widely accepted procedure in the mainstream orthopedic spinal surgery community."

Dr. Bays testified that he was approved by the Department to provide treatment to individuals with workers' compensation claims. As an approved provider, Dr. Bays must follow the Department's rules and guidelines regarding treatment coverage. Dr. Bays did not know whether Spanjer's surgery would be authorized. He met with the claims manager and followed up with a written report "that went through my rationale as to why I thought this was the procedure that should be performed." Alaska Airlines' counsel asked Dr. Bays:

Q.  So when you're talking about getting essentially special circumstances that may allow an otherwise denied procedure to be covered, that's where you're asking the Department to cover controversial, obsolete, investigational or experimental treatment under WAC 296-20-[0]2850, correct?

A.  I don't know about the legal interpretation of the case or the statutes that have been raised. I'm not an attorney. All I can say is

that it's not uncommon for self-insured employers or the Department to entertain case-by-case basis whether or not a procedure that has not been previously allowed, or that isn't allowed on a case-by-case basis, cannot be entertained by an individual who can get permission to proceed with that. … Just because it's investigational and experimental doesn't mean that it can't be done. … I know that it can be done. And … it was with this intent that I was trying to get this … [SI joint fusion surgery] approved.

Dr. Boone testified that when he first saw Spanjer, he told her the Department would not approve SI joint fusion surgery. He continued:

[The Department] does not cover the procedure. Although, since January, it's kind of changed a little bit, so now I actually have a couple of patients that I got approval for SI joint fusions on.

Typically … the vast majority of my patients get denied for this based on [Department] claims, which is not an uncommon thing for me to see in my practice. It also occurs with hip arthroscopy or hip scopes. [The Department] refuses to pay for something called femoral neck osteochondroplasty. So we have to tell the patients the same thing as well, too. Doesn't mean it's not medically necessary or indicated. It just means [the Department] has decided they don't want to pay for it.

At the close of testimony, the trial court considered the parties' proposed jury instructions. Alaska Airlines submitted Proposed Instruction 15, which stated:

The department or self-insurer will not allow nor pay for treatment measures of an unusual, controversial, obsolete, or experimental nature. Services that are controversial, obsolete, investigational or experimental are presumed not to be proper and necessary. An injured worker however has a right to an individual determination as to whether that particular medical treatment is proper and necessary treatment and can prove by a preponderance of evidence that the presumption of [non-]coverage[1] does not apply and that the proposed treatment was reasonable and necessary.

The court said it was "stumbling over" the last part of the instruction "where it says, 'and can prove by a preponderance of the evidence that the presumption of non-

---

[1] During argument before the trial court, the parties agreed that the "presumption of coverage does not apply" phrase contained a typo and should instead state "presumption of non-coverage does not apply." Emphasis added.

coverage does not apply.'" Alaska Airlines acknowledged that the instruction may be confusing as to the assignment of burden of proof because the employer has the "initial" burden at trial to prove a prima facie case that the Board's decision was wrong.

After hearing initial argument from the parties, the trial court denied the instruction on the basis that it was confusing as to the jury's role in applying the burden of proof. The court stated:

> I think it will confuse the jury, and so I'm not giving it on the basis of I think it confuses the jury as to what their role is in applying the burden of proof. So we're going to move on.
>     [Alaska Airlines' counsel]: Just one second just for --
>     THE COURT: Yes.
>     [Alaska Airlines' counsel]: – clarification for the record, Your Honor. This Court does not have any intention on providing any instruction that the Department or self-insurer will not pay for treatment measures of an unusual, controversial, obsolete, or experimental nature?
>     THE COURT: That's not the instruction before me.
>     [Alaska Airlines' counsel]: I understand.
>     THE COURT: And so if you have an instruction to propose ... you can propose it, and I'll consider argument on it. … But to say I have rejected an instruction that hasn't been proposed … I don't think is fair.

During further argument, Spanjer asserted that neither the Department nor the Board made a finding on the record that the SI joint fusion surgery is controversial or experimental.[2] Therefore, Spanjer argued below, the proposed instruction "suggests … something that was not concluded" and is a comment on the evidence. The trial court agreed, stating that if the court provided an instruction to the jury that "us[ed] the words, unusual, controversial, obsolete, or experimental in nature, based on the record that's

---

[2] The record before the Board included the Department's denial, which stated that "[t]he request for SI Joint Fusion procedure code 27130 is denied," and the Department's order affirming its denial, which stated the Department "has reconsidered the order … which denied the request for a SI Joint Fusion."

Alaska Airlines conceded below that the IAJ's proposed decision and order did not include a formal finding or conclusion as to whether the SI joint fusion surgery was a controversial or experimental treatment.

before me, I do think it's a comment on the evidence. I am commenting as the Court giving these instructions on the evidence, so I'm not going to do that." The court reiterated:

> Okay. I'm ready to rule. So I am, as previously stated, am rejecting Alaska Airlines' proposed instruction, as I believe it is an improper comment on the evidence based on the record before the Court.

The court's final instructions to the jury included Instruction 12, which stated in relevant part:

> A worker who sustains an industrial injury is entitled to receive proper and necessary health care services for the diagnosis and treatment of any condition proximately caused by the injury. Proper and necessary services may be either curative or rehabilitative.
> Curative treatment is treatment intended to produce permanent changes which eliminate or lessen the clinical effects of the condition. Rehabilitative treatment is treatment intended to allow an injured or ill worker to regain functional activity on a long-term basis.

The jury affirmed the Board, finding that Spanjer's SI joint fusion surgery was proper and necessary treatment for her condition that was proximately caused by her workplace injury. Accordingly, the trial court remanded Spanjer's claim to the Department with instructions to order self-insured employer Alaska Airlines to pay for the surgery.

Alaska Airlines appeals.

## DISCUSSION

### Waiver

As a threshold matter, Spanjer contends that Alaska Airlines waived its ability to argue that the SI joint fusion surgery was controversial or experimental because it did not argue this issue in its petition for review to the Board as required under RCW 51.52.104. Spanjer claims that the Alaska Airlines' purported failure to raise the issue in

its petition thus "constitute[s] a jurisdictional waiver of this issue" on appeal. We disagree.

Under the IIA, injured workers are entitled to "receive proper and necessary medical and surgical services." RCW 51.36.010(2)(a).[3] The legislature gave the Department authority to make rules regarding the provision of medical care and treatment. Murray v. Dep't of Lab. & Indus., 192 Wn.2d 488, 501-02, 430 P.3d 645 (2018) (citing RCW 51.04.020, .030). In exercise of its authority, the Department promulgated Medical Aid Rules in chapter 296-20 WAC to address medical coverage under the IIA. Id. at 502.

Subsection (4) of WAC 296-20-01002 defines "proper and necessary" health care services and states that "[s]ervices that are controversial, obsolete, investigational or experimental are presumed not to be proper and necessary, and shall be authorized only as provided in WAC 296-20-03002(6) and 296-20-02850."[4] Additionally, WAC 296-20-03002(6) and 296-20-02850(1) provide that the Department will generally not authorize or pay for treatment measures of a controversial, obsolete, or experimental nature. However, such treatment may be approved by the department or self-insurer "[u]nder certain conditions." WAC 296-20-03002(6), -02850(1).[5] Where a particular

---

[3] A new version of RCW 51.36.010 has taken effect as of July 1, 2025. Compare LAWS OF 2023, ch. 171, § 9 with LAWS OF 2013, ch. 19, § 48. Because the relevant language has not changed, we cite to the current statute.

[4] Though WAC 296-20-01002 has been amended as of July 1, 2025, the relevant language has not changed.

[5] WAC 296-20-03002(6) provides that approval for "unusual, controversial, obsolete, or experimental" treatment measures must be obtained prior to the treatment. Treatment requests "must contain a description of the treatment, reason for the request with benefits and results expected." Id. Before a health care provider "us[es] a controversial, obsolete, investigational, or experimental treatment," the treatment must be approved by the Department or self-insurer. WAC 296-20-02850(2). The provider must submit a written request that includes "a description of the treatment, the reason for the request, potential risks and expected benefits, length of care and estimated cost of treatment." Id. In reviewing the request, the Department director or their

7

medical treatment is not expressly specified in the rules as one that is "not covered,"[6] an injured worker has the right to an individual determination as to whether that particular medical treatment is proper and necessary treatment under RCW 51.36.010. Murray, 192 Wn.2d at 504, 506.

Under RCW 51.52.104, an aggrieved party's petition to the Board for review of an IAJ's decision must "set forth in detail the grounds" for their petition. The statute further provides that the petitioning party "shall be deemed to have waived all objections or irregularities not specifically set forth" in the petition. RCW 51.52.115 further states, "Upon appeals to the superior court only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board."

Here, Alaska Airlines' petition to the Board meets the standard under RCW 51.52.104. In the petition, Alaska Airlines requested a panel of the Board to reverse the IAJ's order and find that the SI joint fusion surgery "was neither proper nor necessary treatment under RCW 51.36.010 and WAC 296-20-01002." Alaska Airlines also quoted Dr. Curcin's testimony that the SI joint fusion surgery is "not a widely accepted procedure in the mainstream orthopedic spinal surgery community," and that in his opinion the surgery "was not a reasonable and necessary treatment."

In addition to plainly identifying its contention that the surgery was not proper and necessary, Alaska Airlines cited WAC 296-20-01002, which includes the provision that controversial or experimental treatments are presumed not to be proper and necessary.

---

designee considers various factors, including whether scientific studies are incomplete, or have conflicting conclusions if complete, and whether the treatment is prescribed as part of a controlled clinical trial. WAC 296-20-02850(1).

[6] See WAC 296-20-03002.

Expressly asking for reversal because the surgery was neither necessary nor proper treatment, citing WAC 296-20-01002, and quoting Dr. Curcin's testimony regarding the controversial nature of the surgery is sufficient to raise and preserve the issue for appeal under the IIA.[7]

We observe that Spanjer makes this waiver argument for the first time on appeal. See RAP 2.5(a).[8] In her response brief, Spanjer acknowledges that she allowed Alaska Airlines to argue its theory that the surgery was controversial to the jury "without objection." See Sepich v. Dep't of Lab. & Indus., 75 Wn.2d 312, 317, 450 P.2d 940 (1969) (observing that allowing counsel to raise objections for the first time on appeal to the trial court would bar an opponent from correcting or completing the record thereby "forc[ing] the trial court to remand numerous cases to the Board for the completion of records made deficient by delayed objections").

## Standard of Review

In the context of an appeal of a workers' compensation claim, the superior court only hears evidence or testimony that was included in the Board record. Gomez v. Dep't

---

[7] The two cases upon which Spanjer relies are inapposite. In Homemakers Upjohn v. Russell, our sister division determined that a party who did not file a petition for review to the Board waived its objections under RCW 51.52.104. 33 Wn. App 777, 780-81, 658 P.2d 27 (1983). In Allan v. Dep't of Lab. & Indus., the court concluded without analysis that Allan waived her argument that she did not receive proper notice before her benefits were reduced because the issue was not "set out" in her petition to the Board. 66 Wn. App. 415, 422, 832 P.2d 489 (1992). Neither of these cases are helpful based on the record before us.

[8] Spanjer provides no support for her proposition that Alaska Airlines' ostensible waiver is "jurisdictional." "Jurisdiction" is the authority of a court to act. ZDI Gaming, Inc. v. Wash. State Gambling Comm'n, 173 Wn.2d 608, 617, 268 P.3d 929 (2012). The existence of a trial court's jurisdiction depends on its authority to hear a particular type of case—not a particular case—and does not depend on procedural rules. Dougherty v. Dep't of Lab. & Indus., 150 Wn.2d 310, 317, 76 P.3d 1183 (2003); ZDI Gaming, Inc., 173 Wn.2d at 617; see also Cole v. Harveyland, LLC, 163 Wn. App. 199, 208, 258 P.3d 70 (2011) (observing that the improper use of the term has resulted in "'drive-by jurisdictional rulings'") (internal quotation marks omitted) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 510-11, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)).

of Lab. & Indus., 13 Wn. App. 2d 644, 650, 467 P.3d 1003 (2020). The superior court reviews the Board's decision de novo. Murray, 192 Wn.2d at 499. However, "a modified standard of review" applies. Gorre v. City of Tacoma, 184 Wn.2d 30, 36, 357 P.3d 625 (2015). The Board's findings and decisions are presumed correct, and the party challenging the Board's decision has the burden of proving that it was incorrect. Id. (quoting RCW 51.52.115). The superior court can only reverse the Board's order if the jury "finds by a preponderance of the evidence that the Board's findings and decision are erroneous." Id.

"The ordinary civil standards of review govern appeals from superior court decisions in industrial insurance cases." Gomez, 13 Wn. App. 2d at 650 (citing RCW 51.52.140). "Appellate courts review jury instructions to determine whether they properly stated the law, were not misleading, and allowed each party to argue its theory of the case." Id. We review a trial court's refusal to give a requested instruction for an abuse of discretion. Id. "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

### Jury Instruction

Alaska Airlines contends that the trial court abused its discretion by refusing to give its proposed instruction stating that controversial or experimental treatment is presumed not to be proper and necessary treatment under the IIA and that an injured worker has a right to an individual determination as to whether such treatment is proper and necessary by proving by a preponderance of evidence that the presumption of non-coverage does not apply. Alaska Airlines argues that the trial court incorrectly

10

concluded that the instruction both amounted to an improper comment on the evidence and could potentially confuse the jury as to which party has the burden of proof. Alaska Airlines also argues that by refusing the instruction, the trial court prevented Alaska Airlines from arguing its theory of the case to the jury. We address each of these arguments in turn.[9]

Alaska Airlines first asserts that the trial court erred when it denied its proposed instruction on the basis that it was an improper comment on the evidence.

"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. IV, § 16. An improper judicial comment on the evidence is "one which conveys to the jury a judge's personal attitudes toward the merits of the case or allows the jury to infer from what the judge said or did not say that the judge personally believed or disbelieved the particular testimony in question." Hamilton v. Dep't of Lab. & Indus., 111 Wn.2d 569, 571, 761 P.2d 618 (1988).

In the instant case, we agree with Alaska Airlines to the extent that the language of the rejected instruction does not constitute an improper comment on the evidence. The language of the proposed instruction is worth repeating here:

> The department or self-insurer will not allow nor pay for treatment measures of an unusual, controversial, obsolete, or experimental nature. Services that are controversial, obsolete, investigational or experimental are presumed not to be proper and necessary. An injured worker however

---

[9] Alaska Airlines makes passing reference to alternative versions of the proposed instruction that the trial court "[u]ltimately" refused. However, Alaska Airlines only cites to the original Proposed Instruction 15 in its briefing and does not assign error to, or otherwise substantively address, the trial court's treatment of any modified versions of the instruction. RAP 10.3(a)(4), (a)(6). We therefore need not address Alaska Airlines' undeveloped argument regarding alternative versions of the proposed instruction. Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

> has a right to an individual determination as to whether that particular medical treatment is proper and necessary treatment and can prove by a preponderance of evidence that the presumption of [non-]coverage does not apply and that the proposed treatment was reasonable and necessary.

The trial court expressed its concern that "the words, unusual, controversial, obsolete, or experimental in nature" commented on the evidence "based on the record" before it. Though the court used the term "comment on the evidence," the record suggests that the court may have been concerned with the fact that the record did not include a conclusion from the Board that the surgery was a controversial or experimental treatment, and that giving the proposed instruction would suggest to the jury that the court believed the record supported such a conclusion below.

However, the improper comment rule does not pertain to the interplay between the instruction and the evidence before the jury. Rather, the rule is concerned with whether the actual language of the instruction presents a subjective interpretation of, or conclusion on, the evidence. As opposed to instructions that merely state the law, "jury instructions that essentially resolve factual issues are improper comments on the evidence." State v. Yishmael, 195 Wn.2d 155, 175, 456 P.3d 1172 (2020).

Here, the language of the instruction neither stated that the SI joint fusion surgery was controversial or experimental nor did it imply that the court believed the surgery to be controversial or experimental. Rather, the proposed instruction, as written, allowed the jury to decide if the surgery was controversial or experimental and if so, whether it was nonetheless proper and necessary. Thus, to the extent the trial court ruled that the instruction was a comment on the evidence we disagree.

Nonetheless, the trial court expressed another basis to reject the proposed instruction. "In reviewing for abuse of discretion, 'we may affirm the trial court on any

basis that the record supports.'" Roemmich v. 3M Co., 21 Wn. App. 2d 939, 957, 509 P.3d 306 (quoting State v. Arndt, 194 Wn.2d 784, 799, 453 P.3d 696 (2019)). The trial court also stated, "I'm not giving it on the basis of I think it confuses the jury as to what their role is in applying the burden of proof." We agree.

In their considerable discretion in selecting jury instructions, courts may reject proposed jury instructions that are potentially misleading or confusing. State v. Vanderburgh, 18 Wn. App. 2d 15, 23-24, 489 P.3d 272 (2021).

As we state above, at the superior court level, the Board's findings are presumed correct. Gorre, 184 Wn.2d at 36 (citing RCW 51.52.115). Thus, the burden of proof is "squarely on the appellant"—here, Alaska Airlines—to show that the Board's decision was incorrect. Dep't of Lab. & Indus. v. Rowley, 185 Wn.2d 186, 207, 378 P.3d 139 (2016) (citing RCW 51.52.115). If the jury decided that Alaska Airlines did not meet that burden by a preponderance of the evidence, the Board's decision would stand. See Gorre, 184 Wn.2d at 36.

In the present case, it was Alaska Airlines' sole burden to establish for the jury that Spanjer's SI joint fusion surgery was not a proper and necessary treatment for her condition. But the proposed instruction not only set forth the presumption that controversial or experimental treatment is not proper and necessary, it instructed the jury that it was the worker who carried the burden to establish by a preponderance of the evidence that the presumption did not apply. The language of the instruction thus implied that Spanjer must "prove" to the jury that the "presumption of [non-]coverage did not apply and that the proposed treatment was reasonable and necessary."[10] But

_____

[10] We further observe that the first sentence of the proposed instruction is misleading. The instruction states without qualification that "[t]he department or self-insurer will not allow nor

Spanjer already convinced the Board that the SI joint fusion surgery was proper and necessary care for her injury. She thus had no burden at all before the superior court. For the proposed instruction to suggest otherwise is both incorrect and confusing. See Crossen v. Skagit County, 100 Wn.2d 355, 360, 669 P.2d 1244 (1983) (stating that a trial court need not "'give a requested instruction that is erroneous in any respect'") (quoting Vogel v. Alaska S.S. Co., 69 Wn.2d 497, 503, 419 P.2d 141 (1966)).

Alaska Airlines agreed below that the instruction was "confusing" in consideration of the challenging party's burden of proof under RCW 51.52.115. It was not manifestly unreasonable for the trial court to decide that the proposed instruction could have confused the jury as well. Accordingly, we conclude that the court did not abuse its discretion by declining the instruction on this basis.

Finally, Alaska Airlines contends that the trial court's rejection of the proposed instruction prevented Alaska Airlines from arguing its theory of the case to the jury.

"Jury instructions are proper when, read as a whole, they permit parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law." Spivey v. City of Bellevue, 187 Wn.2d 716, 738, 389 P.3d 504 (2017). Further, "[w]e presume that juries follow lawful instructions." Id. Alaska Airlines does not assign error to any of the instructions that the trial court gave. Rather, Alaska Airlines argues that the lack of its rejected instruction rendered its expert testimony meaningless. We disagree.

Here, the jury was given Instruction 12, which stated that a worker is entitled to

---

pay for treatment measures of an unusual, controversial, obsolete, or experimental nature." This is incorrect. As we refer to above, the Medical Aid Rules provide that controversial or experimental services, though presumed not proper and necessary, may be authorized in certain circumstances. WAC 296-20-01002(4), -03002(6), -02850.

proper and necessary care for a condition proximately caused by an industrial injury. The instruction further stated that proper and necessary services may be curative or rehabilitative, and defined these terms.

The record plainly shows that in accordance with this given instruction, Alaska Airlines argued its theory of the case to the jury—that the SI joint fusion surgery was not proper and necessary care under the Medicaid Aid Rules.

At opening, Alaska Airlines' counsel told the jury it would hear from witnesses about "whether a [SI] joint fusion [surgery] was reasonable and necessary," "about how the procedure doesn't meet guidelines, national standards," and that "[i]t's controversial."

Alaska Airlines presented to the jury testimony it elicited from doctors Curcin, Bays, and Boone regarding its theory that the surgery was not proper and necessary, including that it was controversial or experimental.

Dr. Curcin testified he had never performed an SI joint fusion surgery because the procedure is not accepted in the "mainstream orthopedic spinal surgery community" and has "not been demonstrated to perform reliable, consistent results." Dr. Curcin opined that this is true not only nationally, but internationally.

Dr. Bays testified on cross that he was not sure if the Department would cover the SI joint fusion surgery, but that he knew there were ways to get "special permission" to get a procedure covered that is normally not covered. Alaska Airlines' counsel asked Dr. Bays if he was referring to the procedure to obtain approval for controversial and experimental treatments under WAC 296-20-02850. Dr. Bays answered that he did not know about the "legal interpretation," just that "it's not uncommon" for the Department

and self-insured employers to determine on a case-by-case basis if they will cover a procedure that was not covered in the past. Dr. Bays also compared the SI joint fusion surgery to other procedures that he thinks are "controversial and experimental" but might still be approved and said "[j]ust because it's investigational or experimental doesn't mean that it can't be done."

Dr. Boone testified on cross that the "vast majority" of his patients get denied for SI joint fusion surgeries and that he told Spanjer the Department would not cover the procedure. He continued that this, "[d]oesn't mean it's not medically necessary or indicated. It just means [the Department] has decided they don't want to pay for it."

Alaska Airlines referenced this testimony at closing. Referring to Instruction 12, Alaska Airlines' counsel said to the jury, "You also were provided an instruction regarding treatment; treatment that is curative or rehabilitative. That's what's covered. Do you see in there an indication that the [Department] will cover controversial treatment, experimental treatment? It's not in that instruction." Additionally, Alaska Airlines' counsel said on rebuttal that "[t]he question is whether Alaska Airlines is responsible for payment of this SI joint fusion, which the Department, per the witnesses, denies because it's deemed controversial and experimental." Counsel further told the jury that they first must decide if Spanjer's injury was caused by the hard landing, and then "you get into the question about whether the fusion was experimental, or was it controversial, or was it reasonable and necessary."

The record thus does not support Alaska Airlines' assertion that it was prevented from presenting its theory of the case.

## Attorney Fees

Spanjer requests attorney fees under RCW 51.52.130. Under RAP 18.1(a), this court may grant a party its attorney fees on appeal when an applicable law allows. RCW 51.52.130(1) requires a court to award attorney fees to a worker in situations where a party who is not the worker is appealing the worker's right to relief and that relief is sustained on appeal. Spanjer is a respondent in the instant matter, and she prevails, thereby sustaining an order affirming her entitlement to relief under the IIA. Thus, under RCW 51.52.130(1), we award Spanjer her reasonable attorney fees upon her compliance with RAP 18.1(d).

We affirm.

_____
Coburn, J.

WE CONCUR:

_____
Díaz, J.

_____
Birk, J.